H. C. MONTGOMERY *v.* GOODBAR & CO.

1. VOLUNTARY ASSIGNMENT FOR CREDITORS. *Fraud. Reservation of benefit.*

A general voluntary assignment by an insolvent debtor will be fraudulent and void as to creditors, if the assignor reserves of the assets one hundred dollars for his own benefit; and this, although the assets assigned are of great value, and the sum withheld by the assignor was to meet pressing family necessities.

2. ATTACHMENT. *Practice. Form of judgment. Claimant's issue.*

If an attachment issue be found for plaintiff, it is not improper to enter judgment, in the usual form, condemning the attached property to the payment of the debt found to be due to plaintiff, although a claimant's issue is pending; but, in such case, the judgment will not be executed until the claimant's issue is disposed of.

FROM the circuit court of Leflore county.
HON. R. W. WILLIAMSON, Judge.

The appellant, H. C. Montgomery, an insolvent merchant, executed a voluntary assignment for the benefit of his creditors, giving certain of them preferences. The assignment purported to convey to the assignee "all the property of whatever kind or description" owned by the assignor. The

appellees, Goodbar & Co., were creditors of Montgomery, and, immediately after the execution of the assignment, sued out an attachment against him, alleging, among other grounds, that he had assigned or disposed of his property with intent to place it beyond the reach of his creditors. This attachment was levied upon the assets which had been assigned and delivered to the assignee, and the latter interposed a claim and gave bond for the forthcoming of the property.

The defendant filed a plea, traversing the grounds of the attachment, and the issue, thus joined, first came on for trial. There was much evidence introduced by plaintiffs for the purpose of showing fraud in connection with the execution of the assignment, and it was argued that the assignment is fraudulent on its face because of certain provisions; but, as the opinion of the court is confined to the examination of a single point, it is not necessary to set out the case in its other aspects.     The defendant, Montgomery, was himself examined as a witness by the plaintiffs, and was asked if, at the time of executing the assignment, he reserved to himself any money.     He replied that he had, he supposed, a hundred dollars, which he did not turn over, and that it was used to supply necessities to his family.

The verdict of the jury was in favor of plaintiff, that the attachment was rightfully sued out; and, as no plea was filed denying the debt sued for, judgment was entered, in the usual form, condemning the attached property to be sold to pay the plaintiff's demand.     Motion for new trial was overruled, and defendant appeals.

*Barnett & Thompson,* for appellant.

In view of the value of the assets assigned, which, according to some of the evidence, amounted to $20,000, the reservation of $100 is a matter too small for the notice of the court.     That amount was exempt, under code 1880, § 1249. If the court holds that the selection of the exemption could

not be made in money because money is not "property," then, for the same reason, it would not pass by the assignment, for it only conveys the assignor's property.   See *Bernheim* v. *Andrews*, 65 Miss., 28.

*Nugent & McWillie*, on the same side.
. It is not clear how much of the hundred dollars remained on hand at the time of the assignment.   Montgomery testified that it had been taken to meet the necessities of his family.

The insignificant reservation could not enlarge the rights of creditors or diminish those of the debtor and his family. The amount was much less than is allowed as exempt to a debtor.   The law in its policy recognizes the scriptural anathema against the man who fails to provide for his own household—that he is worse than a heathen.   The omission to recognize the duties of paternity and conform to the public policy of the country in the first instance did not cut off the assignor's right to do so afterwards at the first opportunity.   Wait, Fr. Con., §§ 23, 46, 48; Bump, Fr. Con., 242; Burrell, Assignments, § 96.

*S. R. Coleman*, on the same side.

*Longino & Weathersby*, for appellees.
The reservation of the one hundred dollars from the assignment, even though it was for the support of the assignor's family, vitiated the assignment.   Bump, Fr. Con., 399.

Argued orally by *T. A. McWillie*, for appellant, and *A. H. Longino*, for appellees.

WOODS, J., delivered the opinion of the court.
While this case has been thoroughly and repeatedly examined, and every question raised carefully considered, we dispose of it upon one point only—a point which conclusively determines the controversy in its present aspect.

Confessedly, Montgomery, the assignor, reserved $100 of the estate, which the deed of assignment purported to convey. That this avoids the deed is no longer open to dispute in this state. All contention on this point was finally put to rest in the case of *Marks* v. *Bradley, ante,* 1. Said Judge Cooper in that case, speaking for the court: "It might be sufficient for the disposition of this case to say that the reservation by N. H. Bradley of a part of the proceeds of the policy of insurance, which was the property of the firm, was sufficient to avoid the assignment, because it was an act done at the time and as a part of the assignment, the necessary consequence of which was to prevent the assignment from operating upon the property according to its professed purpose."

This determination concludes the controversy, and we find it needless to pass upon any of the numerous other questions presented.

Complaint is made that a judgment for condemnation and sale of the property, and payment of appellees' demand out of the proceeds, has been entered. The judgment is the usual one in such cases, the attachment issue having been found for the plaintiff, followed by a judgment against the defendant for the debt sued for; but the judgment will not, and should not, be fully executed until the remaining claimant's issue shall have been determined.

*Affirmed.*